**U.S. Department of Homeland Security**
200 Dyer St.
Providence, RI 02903

U.S. Citizenship
and Immigration
Services

Date: APR 0 6 2006

Phillip Louis
52 Borinquen St.
Providence, RI 02905

A 36 805 602

## DECISION

Dear Mr. Louis:

On December 6, 2004, you appeared for an examination on your application for naturalization, which was filed in accordance with Section 316(a) of the Immigration and Nationality Act.

Pursuant to the investigation and examination of your application it has been determined that you are ineligible for naturalization for the following reason(s):

---SEE ATTACHMENT(s)---

This decision is made without prejudice toward the filing of a new application in the future.

If you wish to request a review hearing on this decision pursuant to Section 336(a) of the Act, you must file a request for a hearing within 30 days of the date of this notice. If you fail to request a hearing within the time allowed, this decision is final. A request for hearing may be made to the District Director, with the United States Citizenship and Immigration Services office that made this decision, on Form N-336 (Request for Hearing on a Decision in Naturalization Proceeding under Section 336 of the Act) together with a fee of $265.00. You may submit a brief or other written statement in support of your request with the Request for Hearing.

Any question that you have may be answered by the Service office nearest your residence, or at the address shown in the heading to this letter.

Sincerely,
Denis C. Riordan
Denis C Riordan
District Director

*Enclosures:* Form N-336
FORM N-335 (Rev. 10/24/91)N

GOVERNMENT EXHIBIT
F

ATTACHMENT TO FORM N-335
A 36 805 602

Section 316(a) of the Immigration and Nationality Act, as amended, states, in part:

No person . . . shall be naturalized unless such applicant

(1) Immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years . . .

(3) during all periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States.

Section 316.10 of Title 8, Code of Federal Regulations, states, in part:

(a) Requirement of good moral character during the statutory period.

(1) An applicant for naturalization bears the burden of demonstrating that, during the statutorily prescribed period, he or she has been and continues to be a person of good moral character. This includes the period between the examination and the administration of the oath of allegiance.

(2) In accordance with section 101(f) of the Act, the Service shall evaluate claims of good moral character on a case-by-case basis taking into account the elements enumerated in this section and the standards of the average citizen in the community of residence. The Service is not limited to reviewing the applicant's conduct during the five years immediately preceding the filing of the application, but may take into consideration, as a basis for its determination, the applicant's conduct and acts at any time prior to that period, if the conduct of the applicant during the statutory period does not reflect that there has been reform of character from an earlier period or if the earlier conduct and acts appear relevant to a determination of the applicant's present moral character.

(b) Finding of a lack of good moral character.

(1) An applicant shall be found to lack good moral character if during the statutory period the applicant:

ATTACHMENT TO FORM N-335
A 36 805 602

(vi) Has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit; this prohibition applies regardless of whether the information provided in the false testimony was material, in the sense, that if given truthfully it would have rendered ineligible for benefits either the applicant or the person on whose behalf the applicant sought the benefit;

On April 19, 2004, you filed an application for naturalization (Form N-400). A Service officer examined you under oath on your application on December 6, 2004. On an application for naturalization, in part 10, section D, an applicant is required to disclose any and all arrests, charges, citations, indictments, fines, convictions, and imprisonments. Your application indicated sever Police officers arrested you and charged you with al incidents. Your sworn testimony on December 6, 2004 was that you were arrested several times:

1. 10/29/02 – violation of the abuse prevention act – dismissed
2. 9/13/02 - violation of the abuse prevention act - dismissed.
3. 9/11/97 – operating on a suspended license – dismissed
4. 6/11/97 – larceny by check – dismissed after restitution made
5. 6/17/97 – disturbing the peace – dismissed
6. 4/1/96 - operating on a suspended license – dismissed

You submitted final dispositions for all of the above cases.

The Service received information that, on June 5, 1986, Richmond Police officers arrested you and charged you operating with a suspended license. You were found guilty and you were sentenced to a 30-day suspended jail sentence and fined $100. On February 12, 1986, Richmond, VA Police officers arrested you and charged you with one count of armed robbery and one count of using a firearm during the commission of a felony. The charges related to an armed robbery of a gas station on or about December 1, 1985. Although the charges were later dismissed on a technicality, you failed to disclose this arrest. You denied the Service a pertinent line of inquiry concerning your eligibility for naturalization.

It appears that you failed to disclose this conviction in order to obtain naturalization benefits. Your false testimony reflects adversely on your character.

You have not met your burden of demonstrating that you have been and continue to be a person of good moral character during the statutorily prescribed period. Therefore, your application is denied as a matter of law.