U.S. DEPARTMENT OF HOMELAND SECURITY

U.S. Citizenship and Immigration Services

**DECISION ON NATURALIZATION APPEAL PROCEEDINGS**

**Date:** DEC 13 2006

*200 Dyer St.*
*Providence, RI 02903*

**Phillip Louis**
[redacted]

PLEASE REFER TO THIS FILE NUMBER
**A36 805 602**

## DECISION

On December 6, 2004, you appeared for an examination on your application for naturalization, which was filed in accordance with Section 316(A) of the Immigration and Nationality Act. Your application was denied on April 6, 2006 for lack of good moral character. You subsequently filed a Request for Hearing on a Decision Naturalization Proceedings (Appeal Form N-336) on May 9, 2006. Your Appeal on Form N-336 is hereby dismissed.

On September 14, 2006 you appeared for an interview on your appeal application. It was determined at this hearing that you lack the necessary good moral character, as mandated by Section 316 of the Act, for naturalization. Specifically, it has been determined that, you gave false testimony in an attempt to gain an immigration benefit when you completed your N-400 application and during your N-400 interview on December 6, 2004.

Title Eight, Section 316.10(a)(1) of the Code of Federal Regulations states that an applicant for naturalization bears the burden of demonstrating that he or she has been and continues to be a person of good moral character. Title Eight, Section 316.10 (b)(2)(vi) of the Code of Federal Regulations states than an applicant shall be found to lack good moral character, if the applicant has given false testimony to obtain any benefit from the Act, if the testimony was made under oath or affirmation and with an intent to obtain an immigration benefit.

It has been determined that you gave false testimony on your N-400 application by failing to disclose a charge of Armed Robbery with Use of a Firearm. You also gave false testimony during your interview on December 6, 2004 when you stated under oath that you have never been arrested. You stated at your N-336 hearing that you forgot about the arrest because you blocked it out and did not see the crime listed on your Massachusetts's background check, because the arrest was in Virginia. It is unrealistic that you would forget such a serious charge. In addition, during the N-336 hearing you did not have any trouble recalling various details about the incident, including that the case went to trial. Your disregard of a background check for a state where you have resided is not a legitimate explanation for not acknowledging a criminal charge. Your explanations are not credible and your application is denied.

This decision constitutes a **final administrative denial** of your naturalization application. You have the right to file a petition for review in the United States District Court having jurisdiction over your place of residence in accordance with Chapter 7, Title 5, of the United States Code within a period of not more than 120 days after the Service's final determination.

Sincerely,

Denis C. Riordan

Denis C. Riordan
District Director

GOVERNMENT EXHIBIT
I