Westlaw.



**C**
Nguyen v. Monica
M.D.Pa.,2006.
Only the Westlaw citation is currently available.
United States District Court,M.D. Pennsylvania.
Xuan Thi NGUYEN, Plaintiff,
v.
Donald J. MONICA, District Director, U.S. Citizenship and Immigration Service, Defendant.
**Civil Action No. 3:CV-05-1321.**

Nov. 29, 2006.

Joseph I. McDevitt, Law Offices of Joseph I. McDevitt, West Conshohocken, PA, for Plaintiff.
Daryl Ford Bloom, U.S. Attorney's Office, Harrisburg, PA, for Defendant.

***MEMORANDUM***

A. RICHARD CAPUTO, District Judge.

***1** Before me is Plaintiff's petition to review the decision of the United States Citizenship and Immigration Service's denial of her application for naturalization to become a United States citizen. I have jurisdiction under the provisions of 8 U.S.C. § 1421.[FN1] The following constitute my findings of fact and conclusions of law as required by Rule 52(a) of the Federal Rules of Civil Procedure.

FN1. "A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under § 336(a), may seek review of such denial before the United States District Court for the district in which such person resides in accordance with Chapter 7 of Title 5, United States Code. Such review shall be de novo and the Court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

**FINDINGS OF FACT**

Plaintiff, Xuan Nguyen, was born in Vietnam on February 10, 1962. She never attended school. She had two children in Vietnam but never married because she had no permit to do so. She left Vietnam in 1987 or 1988 with her children and their father and settled in Canada. She later separated from her husband. She did not speak English, and never had enough money to live. Between September, 1993 and May 23, 1995, she shoplifted a number of times in Canada because she could not afford food and clothing. She was arrested and charged with retail theft in Windsor, Ontario for retail theft not exceeding $1,000. She was convicted in December, 1993. In 1994, she was arrested for retail theft not exceeding $1,000 in Kitchener, Ontario. She was convicted in December, 1994. In May, 1995, she was arrested for retail theft not exceeding $1,000 in Kitchener, Ontario. A bench warrant issued.

In 1993, she also met Tommy Nguyen, who was from the same village in Vietnam as Plaintiff, and he had become a United States citizen in 1983. They had a son in September, 1994 and were married in July, 1995 in Elkton, Maryland.

In November, 1995, Plaintiff filed an Application to Register Permanent Residence and Adjust Status (Form I-485). She completed this with the assistance of an attorney. She responded "no" to the question of whether she had ever been arrested.

In February, 1997, Plaintiff was arrested and charged with retail theft (18 P.S. § 3929(a)(1)). On August 26, 1997, she was sentenced to 12 months probation and community service.

Just a little more than two months later, Plaintiff filed a Petition to Remove the Conditions of Residence (I-751) with the assistance of someone who held himself out in an Asian newspaper as a preparer of such documents. Again, she answered "

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

GOVERNMENT EXHIBIT 3

no" to the question as to whether she had been arrested, and again she certified her answers under oath.

On September 11, 2002, Plaintiff filed her Application for Naturalization (N-400). It was prepared with the assistance of Marshall Kornblatt, an insurance executive whose wife was a customer of Plaintiff at the nail salon she and her husband operated. Again, she certified under oath that she had never been arrested.

After a June 29, 2003 interview before an Immigration Officer was cancelled because of Plaintiff's inability to read, write and speak English to the extent necessary to become a citizen, she was interviewed by Melvin Roby, the District Adjudication Officer. Prior to administering the test concerning, among other things, the reading and writing of English, he reviewed the application with Plaintiff. He asked if she had ever been arrested and she admitted to the King of Prussia incident, but she denied any other arrests.

***2** The Plaintiff's Application for Naturalization was granted on or about October 27, 2003, but it was later revoked on November 12, 2004 by the United States Citizen and Immigration Services. Plaintiff timely filed her complaint to review the adverse action on July 12, 2005.

The issue in this case is whether the Plaintiff gave false testimony for the purpose of gaining immigration and naturalization benefits. It arises in the context of the Plaintiff's Application for Naturalization and the requirement that she have good moral character for five years prior to her application in September, 2002. *See* 8 U.S.C. § 1254(e).

## APPLICABLE LAW AND CONCLUSIONS OF LAW

The United States contends that Plaintiff has not been lawfully admitted as a permanent resident of the United States because she secured that status as a result of fraud. The United States also contends that she does not speak, write and understand English sufficiently for citizenship purposes.

With respect to the latter, Mr. Roby testified that but for her false answers to the arrest questions on the Naturalization Application, she would have been approved for citizenship, and indeed she was. Moreover, and in any event, Plaintiff demonstrated at trial the ability to write and read the statements on the test given to candidates for citizenship.

With regard to the permanent residence status, again Mr. Roby's testimony is relevant. The United States cannot now contend that Plaintiff did not enjoy permanent resident status.

The crucial issue is whether Plaintiff is presently a person of good moral character and that she has demonstrated she has been a person of good moral character for the five year period preceding the filing of her Application for Naturalization. 8 U.S.C. § 1427(a)(1) and (2); 8 U.S.C. § 1254(e). Since the Application for Naturalization was filed on September 11, 2002, the five year period commences September 12, 1997. While Plaintiff did not commit any crimes or other transgressions which would signify a lack of good moral character during the five year period, she did, on the application itself, state she had not been arrested when indeed she had. Moreover, when asked in 2003, while admitting the King of Prussia arrest and conviction in 1997, she denied other arrests, thus failing to disclose the Canadian arrests in 1993, 1994 and 1995. The reason given for her failure was that she was nervous and could not remember. This implicates the provision of the statute that false swearing to gain an immigration benefit does not allow a finding of good moral character. 8 U.S.C. § 1427, 1101(f).

Plaintiff has the burden to prove by a preponderance of the evidence that she is eligible to be a citizen of the United States, and any doubts should be resolved in favor of the United States. *Berenyi v. District Director, INS*, 385 U.S. 630, 637 (1967). In this case, the issue is whether Plaintiff has proven by a preponderance of the evidence that she is a person of good moral character.

***3** As noted, the Government's contention is that

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

she is not because she did not tell the truth with respect to her arrests. The relevant statutory requirements are as follows:

No person, except as otherwise provided in this subchapter, shall be naturalized unless such applicant (1) immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his application has been physically present therein for periods totaling at least half of that time, and who has resided within the State or within the district of the Service in the United States in which the applicant filed the application for at least three months, (2) has resided continuously within the United States from the date of the application up to the time of admission to citizenship, and (3) *during all the periods referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States....*

8 U.S.C. § 1427(a). (emphasis added).

Good moral character for purposes of this case is defined as:

No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was ... (6) one who has given false testimony for the purpose of obtaining any benefits under this chapter; ... The fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character.

8 U.S.C. § 1101(f).

There is no materiality requirement when it comes to false testimony. *Kungys v. U.S.,* 485 U.S. 759, 779 (1988). However, the "lie" or "dishonesty" must be with the "subjective intent of obtaining immigration benefits." *See Kungys,* 485 U.S. at 780.

Plaintiff was placed under oath by Agent Roby when he questioned her about her application for naturalization in September, 2003, and while then admitting to the King of Prussia incident, she denied any other arrests. Her explanation was that she was nervous and did not remember the Canadian arrests. It is important to note that Plaintiff did not assert language difficulty as a reason why she failed to tell Agent Roby about the Canadian arrests, *See Poka v. INS,* 2002 U.S. Dist. LEXIS 18157 (D.Conn.2002). Nor did she assert embarrassment, fear or the desire for privacy. *See Kungys v. U.S.,* 485 U.S. 759 (1988), *Plewa v. INS,* 77 F.Supp.2d 905 (N.D.Ill.1999). Further she did not claim that the preparer of her Application for Naturalization in any way directed her to answer the way she did. *See Plewa v. INS, supra.* at 912.

The only reason given for the mis-statement was nervousness which caused her to forget. It is difficult for me to accept this explanation. Surely Plaintiff would remember, now that she is fairly well-off,[FN2] being in a state of such destitution that she had to steal clothing. Moreover, having admitted to the King of Prussia incident during the interview in September, 2003, it is reasonable to conclude that like incidents would come to mind even if previously forgotten.

FN2. She testified that she had $7000 in cash when she went to the King of Prussia Mall and was arrested for retail theft in 1997. Both she and her husband testified they operated a successful nail salon.

***4** I find that Plaintiff did not meet her burden of proving that she was a person of good moral character in that she failed to prove, despite her statement that she did not intend to deceive, that she did not testify falsely under oath in September, 2003.

In addition and alternatively, it is important for a new citizen to understand the meaning of our oath as it is at the foundation of our system of justice. Plaintiff is a permanent resident, and after this experience which provided a good lesson in good citizenship, she may again try to obtain her citizenship. Denial of the application, however, is for the foregoing reasons, warranted here.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Given the failure to initially disclose the King of Prussia arrest on the Naturalization Petition when it occurred some nine months prior to the application, and given the disclosure of that arrest only after being confronted with it, and given the failure to disclose the Canadian arrests at that time, I cannot find that this was not false testimony or that it was not made for the purpose of gaining an immigration benefit. 8 U.S.C. § 1101(f)(6) (explaining that no person "who has given false testimony for the purpose of obtaining" an immigration benefit shall be found to be a person of good moral character). It is also my conclusion therefore, that because Plaintiff provided this testimony within the five years prior to her application for citizenship, the provisions of § 1101(f)(6) disqualify her for citizenship, because she fails to meet the good moral character standard.

The Application for Naturalization is denied and the Complaint will be dismissed without prejudice.

An appropriate Order follows.

***ORDER***

NOW, this 29th day of November, 2006, IT IS HEREBY ORDERED that the Plaintiff's Application for Naturalization is **DENIED,** and the Complaint (Doc. 1) is **DISMISSED,** without prejudice.

M.D.Pa.,2006.
Nguyen v. Monica
Slip Copy, 2006 WL 3437543 (M.D.Pa.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.