**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PHILLIP J. LOUIS,<br>Petitioner, | ) | |
| v. | ) | C.A. No. 07-134ML |
| ALBERTO R. GONZALES, ET AL.,<br>Respondents. | ) | |

**RESPONDENTS' REPLY TO PETITIONER'S OBJECTION TO MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Respondents, Alberto Gonzales, Attorney General of the United States, Michael Chertnoff, Secretary of the Department of Homeland Security, Emilio T. Gonzalez, Director of the United States Citizenship and Immigration Services ("CIS"), and Denis Riordan, Boston District Director of the United States Citizenship and Immigration Services, and submit the following Reply to Petitioner's Objection to Respondents' Motion for Summary Judgment.

**I. Petitioner's Statement In His Newly Created Affidavit That He Did Tell Examiner Higgins That He Had Some Issues In Virginia Relating To A False Arrest Is Not Plausible, Inconsistent With His Prior Statements, And Is Not Supported By The Record**

For the first time in Petitioner's newly created affidavit attached to his Objection to Respondents' Motion for Summary Judgment, Petitioner states that he told the CIS examiner on December 4, 2004, that "I had some issues in Virginia where I used to live but all I know is that it involved a false arrest and that [I have] completely blocked it out of my mind." Phillip Aff. at ¶ 7. Petitioner, however, fails to explain why he never included this key information in his appeal application. This statement, created at the eleventh hour in an attempt to create a genuine issue of material fact, is not plausible given the fact that it is inconsistent with Petitioner's appeal of the April 6, 2006, decision and with the record in this case.

The April 6, 2006, decision specifically stated that he "failed to disclose this arrest" and that he "denied the Service a pertinent line of inquiry concerning [his] eligibility for naturalization." Mot. for Summ. J., Ex. F at 3. Nowhere in Petitioner's appeal application, did he state that he had in fact, revealed the "false arrest" in Virginia to Examiner Higgins. Mot. for Summ. J., Ex. G at 2-3. On the contrary, in Petitioner's statement attached to his appeal of the April 6, 2006, decision, he elaborated, "I asked for the police report on my [sic] self to remind me of all incident dealings with the courts and all the info that was on there was made clear in my filings [sic] there was no other information on there [sic] police report so I totally forgot to include in my statements." Mot. for Summ. J., Ex. G at 2-3. Thus, at the time of his administrative appeal, Plaintiff clearly admitted that he failed to disclose this arrest in his statements.

In addition, at his interview, Petitioner certified that, "I know the contents of this application for naturalization subscribed by me, including corrections numbered 1 through 7 and the evidence submitted by me numbered pages 1 through -, are true and correct to the best of my knowledge and belief." Ex. 1a at 10. Petitioner never corrected his application to disclose any "false arrest." See Ex. 1a at 8, 10. Rather, he certified correction number 6, stating there were "no other arrests or records" was true and correct. Ex. 1a at 8, 10. Indeed, the application specifically stated that he must disclose all arrests even if his records "were sealed or otherwise cleared or if anyone, including a judge, law enforcement officer, or attorney, told you that you no longer have a record." Ex.1a at 8. Despite these clear instructions, Petitioner fails to explain why he did not disclose his "false arrest" on the application and why he did not correct the application during the interview to reflect his "false arrest." Further, Petitioner fails to explain

why and how he was able to tell Examiner Higgins that he had a "false arrest" at the interview, when he "thought the police record would be a complete record of all my police arrests" and when he had "completely blocked it [the arrest] out of his mind." See Louis Aff. at ¶¶ 4, 7.

In contrast to Petitioner's statements, CIS has consistently maintained that he failed to disclose his armed robbery arrest. Examiner Higgins stated that, "[a]t no time during the interview did Mr. Louis state that he 'had some issue in Virginia.'" Ex. 1 at ¶ 4. Examiner Higgins also emphasized that "[a]t no time during the interview did Mr. Louis state that he had a false arrest in Virginia." Ex. 1 at ¶ 5. In its initial decision denying Petitioner's application, CIS noted that, Petitioner " failed to disclose this [armed robbery] arrest." Mot. for Summ. J., Ex. F at 3. After his appeal of that decision, CIS issued a final decision finding that he gave false testimony by failing to disclose a charge of armed robbery with use of a firearm. Mot. for Summ. J, Ex. I.

Moreover, given what Petitioner describes as "the emotional nature of the incident," that "the incident the most serious was are [sic] part in my life," that he was arrested, charged, and tried for this crime of armed robbery, it is highly unlikely that he "forgot[1]" and "blocked" out this arrest from his mind. See Louis Aff. at ¶ 11; Mot. for Summ. J., Ex. B at 3, Ex. G at 1-2, Ex I. Moreover, Petitioner's admission in his affidavit that he was "ashamed because of the

---

[1] Although Petitioner argues that, "Respondents describe the twenty year-old incident as one which the Petitioner simply 'forgot," Petitioner is the one who first noted his forgetfulness in his appeal of the decision. See Mot. for Summ. J., Ex. G at 1 ("On my application, I totally forget [sic] about Va. incident" ) (emphasis added); Mot. for Summ. J, Ex. G at 2 ("there was no other information on there police report so I totally forgot to include in my statements") (emphasis added).

accusation," supports the finding that Plaintiff had the subjective intent of hiding this arrest in order to obtain immigration benefits. See Louis Aff. at ¶ 16.

Accordingly, Petitioner's new explanation that he did in fact tell Examiner Higgins that he was falsely arrested is without merit.

## II Even Assuming That Petitioner Did Tell Examiner Higgins That He Had Some Issues In Virginia Relating To A False Arrest, His Failure To Disclose The Details Of His Arrests In Virginia And Failure To Provide Required Documentation Of Those Arrests Still Support A Finding Of Lack of Good Moral Character

Even assuming that Petitioner did tell Examiner Higgins that he had a " false arrest," his failure to disclose the details of that arrest and failure to provide required documentation of that arrest still support a finding of lack of good moral character. Simply telling Examiner Higgins that he had some "issues" in Virginia involving a "false arrest," without more, does not satisfy Petitioner's obligation to answer the question about prior arrests truthfully. See 8 U.S.C. § 1101(f)(8) ("The fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character").

His application and the examination on the application specifically required him to provide details of all arrests even if he was cleared of the charges. Ex. 1a at 8. Specifically, he was asked to provide the following details of his arrest:

1. Why were you arrested, cited, detained, or charged?
2. Date arrested, cited, detained, or charged (*Month/Day/Year*)
3. Where were you arrested, cited, detained or charged?
4. Outcome of disposition of the arrest, citation, detention or charge (*No charges filed, charges dismissed, jail, probation, etc.*)

Ex. 1a at 8. Moreover, prior to his examination, he was instructed to provide documentation of his arrests. In a document request dated July 10, 2004, he was told to "bring CERTIFIED copies

of all arrest records and court dispositions showing how each incident resolved. Failure to disclose any all arrests may result in denial of your application." Mot. for Summ. J., Ex. E.

Although he was advised of the importance of disclosing the details of all his arrests, he failed to do so. While he states that he "completely blocked" the arrest out of his mind, there was nothing preventing him from finding out the details of that "false arrest" from his mother or Virginia authorities in not only filling out the application, but also providing supplemental information at his initial interview, or prior to the decision denying his application.

Further, Petitioner failed to disclose his conviction for driving with a suspended license. Mot. for Summ. J., Ex. F at 3. As noted by Petitioner in his appeal application, he "forgot" to include his Virginia record of driving with a suspended license. Mot. for Summ. J., Ex. G at 3. Petitioner does not refute that he did not disclose this arrest, charge, and conviction for driving with a suspended license for which he was sentenced to a 30-day suspended jail sentence and fined $100. See Mot. for Summ. J., Ex. F at 3, Ex. G at 3.

For the reasons stated above, Petitioner has failed to meet his burden that he is a person of good moral character and any doubts should be resolved in favor of Respondents. See Berenyi v. District Director, INS, 385 U.S. 630, 637 (1967) (stating that "burden is on the alien applicant to show his eligibility for citizenship in every respect" and "doubts 'should be resolved in favor of the United States'"). Accordingly, Respondents respectfully request that the Court enter judgment in its favor and deny the Petition for Review.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000(ph)/401-709-5017 (fax)
Email: ly.nguyen@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of September, 2007, I electronically filed Respondents' Reply to Petitioner's Objection to Respondents' Motion for Summary Judgment with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System.

/s/ Ly T. Nguyen
LY T. NGUYEN
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)
Email: ly.nguyen@usdoj.gov